1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MICHAEL ROTHWELL,

11          Petitioner,                    No. CIV S-11-0844 DAD P

12       vs.

13   PEOPLE OF THE STATE OF CA,

14          Respondent.              ORDER

15   _____/

16          Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of error

17   coram nobis.  Petitioner has paid the filing fee.

18                                **THE PETITION**

19          In his petition for a writ of error coram nobis petitioner alleges as follows.  In

20   1983 a Solano County Superior Court jury found him guilty of second-degree murder, assault

21   with a deadly weapon, and false imprisonment.  The trial court sentenced petitioner to twenty-

22   two years and eight months to life in state prison.

23          Petitioner claims that the state trial court impermissibly allowed the jury to hear

24   about his prior felony conviction for escape without force.  Specifically, petitioner contends that

25   in 2010, he discovered a minute order from the Orange County Superior Court that stated in part

26   "Strike all references to Case C-41790."  According to petitioner, the case number associated

1

1    with his prior felony conviction for escape without force was C-41790.  In petitioner's view, this

2    court should find that his prior felony conviction for escape without force is constitutionally

3    invalid.  Based upon that finding, according to petitioner, this court should also vacate his 1983

4    Solano County Superior Court conviction and sentence for second-degree murder, assault with a

5    deadly weapon, and false imprisonment because they are based on improperly admitted evidence

6    related to his stricken and constitutionally invalid prior conviction for escape without force.  (Pet.

7    at 1-4.)

8                                              **DISCUSSION**

9                 After reviewing the petition filed in this action, the court has determined that the

10   petition must be dismissed.  Petitioner is advised that the writ of coram nobis is an extraordinary

11   remedy that allows a movant to attack an unconstitutional or unlawful conviction after the

12   movant has served his sentence and is no longer in custody.  United States v. Morgan, 346 U.S.

13   502, 511 (1954); Estate of McKinney v. United States, 71 F.3d 779, 781 (9th Cir. 1995).  "The

14   writ provides a remedy for those suffering from the 'lingering collateral consequences of an

15   unconstitutional or unlawful conviction based on errors of fact' and 'egregious legal errors.'"

16   United States v. Walgren, 885 F.2d 1417, 1420 (9th Cir. 1989) (quoting Yasui v. United States,

17   772 F.2d 1496, 1498-99 & n.2 (9th Cir. 1985)).  The writ of coram nobis permits a court to

18   vacate its judgment when an error has occurred that is of the most fundamental character such

19   that the proceeding itself is rendered invalid.  McKinney, 71 F.3d at 781.  The writ should be

20   granted "only under circumstances compelling such action to achieve justice."  Morgan, 346 U.S.

21   at 511.

22                 Insofar as petitioner seeks to attack his pre-1983 felony conviction for escape

23   without force, he may be conceivably able to state a cognizable claim for relief in this action.

24   Accordingly, out of an abundance of caution, the court will grant petitioner leave to file an

25   amended petition, if he so chooses.  However, in any amended petition for writ of coram nobis

26   that he elects to file petitioner will need to establish that: (1) a more usual remedy is not

                                                   2

1  available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse

2  consequences exist from the conviction to satisfy the case and controversy requirement of Article

3  III; and (4) the error suffered is of the most fundamental character.  United States v. Kwan, 407

4  F.3d 1005, 1011 (9th Cir. 2005), abrogated on other grounds by Padilla v. Kentucky, __ U.S. __,

5  130 S.Ct. 1473 (2010).

6  　　　　　　Insofar as petitioner seeks relief from his 1983 Solano County Superior Court

7  conviction and sentence for second-degree murder, assault with a deadly weapon, and false

8  imprisonment, he is advised that the court is unable to grant him relief in this coram nobis action.

9  Rather, if petitioner wishes to challenge this latter conviction he will be required to proceed by

10  way of a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254.  As petitioner

11  acknowledges, he is presently incarcerated at Mule Creek State Prison serving a sentence for this

12  conviction.  Accordingly, a petition for writ of error coram nobis is not a proper vehicle by which

13  to challenge his 1983 conviction.

14  **CONCLUSION**

15  　　　　　　Accordingly, IT IS HEREBY ORDERED that:

16  　　　　　　1. Petitioner's petition for a writ of error coram nobis is dismissed with leave to

17  filed an amended petition within thirty days from the date of service of this order;

18  　　　　　　2. Any amended petition must be filed on the form employed by this court and

19  must state all claims and prayers for relief on the form.  It must bear the case number assigned to

20  this action and must bear the title "Amended Petition"; and

21  /////

22  /////

23  /////

24  /////

25  /////

26  /////

1          3.  The Clerk of the Court is directed to send petitioner the form for habeas corpus

2   application.[1]

3   DATED: July 25, 2011.

4

5   DAD:9
    roth0844.amd

    _____
    DALE A. DROZD
6   UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24
_____

25      [1]  Although petitioner is seeking relief by way of petition for writ of error coram nobis,
    the court is directing him to utilize this court's form petition for writ of habeas corpus to assist
26   the court in analyzing the precise nature of his claims.

4