1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MICHAEL ROTHWELL,

11          Petitioner,                    No. CIV S-11-0844 DAD P

12   vs.

13   PEOPLE OF THE STATE OF CA,

14          Respondent.            <u>ORDER</u>

15   _____/

16          Petitioner is a state prisoner proceeding pro se.  Pending before the court are

17   petitioner's amended petition for a writ of error coram nobis and his motion for appointment of

18   counsel.

19                         **PRIOR PROCEEDINGS**

20          In his original petition for a writ of error coram nobis petitioner alleged that in

21   1983 a Solano County Superior Court jury found him guilty of second-degree murder, assault

22   with a deadly weapon, and false imprisonment and that he was sentenced to twenty-two years and

23   eight months to life in state prison.   Petitioner claimed that the state trial court impermissibly

24   allowed the jury to hear about his prior felony conviction for escape without force.  Specifically,

25   he argued that in 2010, he discovered a minute order from the Orange County Superior Court that

26   stated in part "Strike all references to Case C-41790."  According to petitioner, the case number

1

1  associated with his prior felony conviction for escape without force was C-41790.  Petitioner

2  contended that this court should find that his prior felony conviction for escape was invalid and

3  that based upon that finding, should vacate his 1983 Solano County Superior Court conviction

4  and sentence for second-degree murder, assault with a deadly weapon, and false imprisonment

5  because they were tainted by the improper admission into evidence of his stricken and

6  constitutionally invalid prior conviction for escape without force.

7          On July 25, 2011, this court dismissed the petition for a writ of error coram nobis

8  with leave granted to filed an amended petition.  The order advised petitioner as follows:

9          After reviewing the petition filed in this action, the court
   has determined that the petition must be dismissed.  Petitioner is
10  advised that the writ of coram nobis is an extraordinary remedy
   that allows a movant to attack an unconstitutional or unlawful
11  conviction after the movant has served his sentence and is no
   longer in custody.  United States v. Morgan, 346 U.S. 502, 511
12  (1954); Estate of McKinney v. United States, 71 F.3d 779, 781 (9th
   Cir. 1995).  "The writ provides a remedy for those suffering from
13  the 'lingering collateral consequences of an unconstitutional or
   unlawful conviction based on errors of fact' and 'egregious legal
14  errors.'"  United States v. Walgren, 885 F.2d 1417, 1420 (9th Cir.
   1989) (quoting Yasui v. United States, 772 F.2d 1496, 1498-99 &
15  n.2 (9th Cir. 1985)).  The writ of coram nobis permits a court to
   vacate its judgment when an error has occurred that is of the most
16  fundamental character such that the proceeding itself is rendered
   invalid.  McKinney, 71 F.3d at 781.  The writ should be granted
17  "only under circumstances compelling such action to achieve
   justice."  Morgan, 346 U.S. at 511.

18
19          Insofar as petitioner seeks to attack his pre-1983 felony
   conviction for escape without force, he may be conceivably able to
20  state a cognizable claim for relief in this action.  Accordingly, out
   of an abundance of caution, the court will grant petitioner leave to
21  file an amended petition, if he so chooses.  However, in any
   amended petition for writ of coram nobis that he elects to file
22  petitioner will need to establish that: (1) a more usual remedy is not
   available; (2) valid reasons exist for not attacking the conviction
23  earlier; (3) adverse consequences exist from the conviction to
   satisfy the case and controversy requirement of Article III; and (4)
24  the error suffered is of the most fundamental character.  United
   States v. Kwan, 407 F.3d 1005, 1011 (9th Cir. 2005), abrogated on
25  other grounds by Padilla v. Kentucky, __ U.S. __, 130 S.Ct. 1473
   (2010).

26  /////

                                    2

1         Insofar as petitioner seeks relief from his 1983 Solano
County Superior Court conviction and sentence for second-degree
2    murder, assault with a deadly weapon, and false imprisonment, he
is advised that the court is unable to grant him relief in this coram
3    nobis action.  Rather, if petitioner wishes to challenge this latter
conviction he will be required to proceed by way of a petition for
4    writ of habeas corpus brought pursuant to 28 U.S.C. § 2254.  As
petitioner acknowledges, he is presently incarcerated at Mule
5    Creek State Prison serving a sentence for this conviction.
Accordingly, a petition for writ of error coram nobis is not a proper
6    vehicle by which to challenge his 1983 conviction.

7    (Doc. No. 6 at 2-3.)

8    **THE AMENDED PETITION**

9         In his amended petition for a writ of error coram nobis, petitioner again seeks to

10   challenge both the judgment of conviction entered against him for escape in 1979 as well as his

11   1983 murder conviction.  Once again, petitioner alleges in his amended petition that in 1980

12   Orange County Superior Court Judge James K. Turner issued a minute order striking all

13   references to petitioner's 1979 escape conviction, thereby invalidating that conviction.  Petitioner

14   again claims that despite this minute order his subsequent conviction for murder in 1983 was

15   tainted in part by the admission of evidence of his escape.  Petitioner also claims that he did not

16   receive effective assistance of counsel at his 1983 murder trial because even cursory research by

17   his counsel would have revealed that petitioner's prior escape conviction had been stricken.

18   (Am. Pet. at 5-6.)

19   **DISCUSSION**

20        The court finds that in his amended petition for a writ of error coram nobis

21   petitioner has failed to correct the defects noted by the court in his original petition.  To the

22   extent that petitioner seeks to challenge the 1979 judgment of conviction entered against him in

23   the Orange County Superior Court for escape, as he does in Claim 1 of his amended petition,

24   petitioner is again advised that "[c]oram nobis relief is not available in federal court to attack a

25   state court conviction."  <u>Casas-Castrillon v. Warden</u>, No. 04-56262, 2008 WL 267335 at *1 (9th

26   /////

Cir. Jan. 8, 2008).[1] See also Madigan v. Wells, 224 F.2d 577, 578 n.2 (9th Cir. 1955)

("However, this is not a case where the sentence has been served or where the movant has not

begun to serve the sentence he attacks. To hold coram nobis available in this case would also

destroy the progress made by § 2255.  In addition, the writ can issue, if at all, only in aid of the

jurisdiction of the Texas court in which the conviction was had."); Finkelstein v. Spitzer, 455

F.3d 131, 134 (2d Cir. 2006) (Agreeing with the Third,  Fourth, Fifth, Seventh, Eighth and Tenth

Circuits "that the district courts lack jurisdiction to issue writs of coram nobis to set aside

judgments of state courts.")  Gonzales-Cervantes v. Napolitano, No. 1:10-cv-00510 MJS (HC),

2010 WL 4813564 at *2 (E.D. Cal. Nov. 19, 2010) (the district court lacks jurisdiction to

entertain a petition for coram nobis relief.)  If petitioner believes he is entitled to the

extraordinary remedy he seeks, he is best advised to file his petition in the state court in which he

suffered his conviction.

   To the extent that petitioner seeks to challenge his 1983 judgment of conviction

for murder upon which he is currently incarcerated, as he does in Claims 2 and 3 of his amended

petition for writ of error coram nobis, he is advised to proceed by way of a petition for writ of

habeas corpus brought pursuant to 28 U.S.C. § 2254.  However, petitioner is cautioned that "[a]

claim presented in a second or successive habeas corpus application under section 2254 that was

not presented in a prior application shall be dismissed . . . ." 28 U.S.C. § 2244(b)(2).  This is the

case unless,

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

---

[1] Citation to this latter unpublished decision is appropriate pursuant to Ninth Circuit Rule 36-3(b).

1                    (ii) the facts underlying the claim, if proven and viewed
in light of the evidence as a whole, would be sufficient to
2    establish by clear and convincing evidence that, but for
constitutional error, no reasonable factfinder would have
3    found the applicant guilty of the underlying offense.

4    28 U.S.C. § 2244(b)(2).  Before filing a second or successive petition in the district court, "the

5    applicant shall move in the appropriate court of appeals for an order authorizing the district court

6    to consider the application."  28 U.S.C. § 2244(b)(3)(A).

7            The court's own records reveal that petitioner previously filed a petition for writ

8    of habeas corpus in this court attacking his 1983 judgment of conviction and sentence for

9    murder.  See No. CIV S-98-2180 GEB JFM P.  In that previously-filed habeas action, the court

10   denied petitioner's application for federal habeas relief on the merits.  Unless petitioner obtains

11   an order from the Ninth Circuit authorizing the district court to consider a second or successive

12   petition, this court lacks jurisdiction to entertain any further collateral challenges to his 1983

13   murder conviction.  See Burton v. Stewart, 549 U.S. 147, 152 (2007).

14           For all of the foregoing reasons, the court will dismiss petitioner's amended

15   petition for a writ of error coram nobis without prejudice to its filing in state court.[2]

16                               **OTHER MATTERS**

17           Also pending before the court is petitioner's motion for appointment of counsel.

18   In light of the analysis and conclusion set forth above, the court will deny petitioner's motion as

19   moot.

20                                **CONCLUSION**

21           Accordingly, IT IS HEREBY ORDERED that:

22           1.  Petitioner's amended petition for a writ of error coram nobis (Doc. No. 7) is

23   dismissed without prejudice to refiling in state court;

24   /////

25   _____

26        [2] Petitioner previously consented to Magistrate Judge jurisdiction over this action
pursuant to 28 U.S.C. § 636(c).  (See Doc. No. 3.)

2.  Petitioner's motion for appointment of counsel (Doc. No. 9) is denied as moot; and

3.  This action is closed.

DATED: February 7, 2012.

_Dale A. Drozd_

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
roth0844.156

6